IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 31,570-13






EX PARTE JOHN JOSEPH REYES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 93CR0357-83-7 IN THE 56TH JUDICIAL DISTRICT COURT


FROM GALVESTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and sentenced to sixteen years' imprisonment. 

 Applicant contends, inter alia, that he is being denied credit for time spent in the custody of
TDCJ during the approach of Hurricane Ike, and for time when he was confined pursuant to a parole
revocation proceeding. Applicant also alleges that he was never provided with a written statement
of the evidence relied upon in reaching the decision to revoke his parole in 2009. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant was taken into custody on or about September
8, 2008, when Hurricane Ike was approaching Galveston. If so, the affidavit shall state the dates
Applicant was in custody, and shall state whether Applicant is receiving credit for such time. The
affidavit shall also state whether Applicant was in custody from the date of the revocation of his
parole, on September 11, 2009, until he was received into TDCJ on October 13, 2009, and if so,
whether he is receiving credit for that time. Finally, the affidavit shall state whether Applicant was
provided with a copy of the revocation hearing report.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant is receiving the proper
amount of credit for all the time he spent in custody after his release on parole and before he was
returned to TDCJ custody. The trial court shall also make findings as to whether Applicant was
provided with a written notification of the evidence relied upon in reaching the decision to revoke
his parole. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 2, 2011

Do not publish